UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP MANN, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:08-CV-1834 (PCD) |
| : | |
| SEBASTIAN BARTOLOTTA and : | |
| RICHARD SIENA, : | |
|     Defendants. : | |

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Philip Mann brings claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution against Defendants Sebastian Bartolotta and Richard Siena, officers in the Middletown Police Department, in their individual capacities. The Complaint states that "On September 22, 2003, the defendants participated in the warrantless arrest of the plaintiff." [Doc. No. 1 at ¶ 7] The Complaint further states that "in 2005, the false charges against the plaintiff were nolled by the prosecuting attorney and dismissed by the court." [Doc. No. 1 at ¶ 12] Plaintiff's Complaint is dated November 28, 2008, and was filed on December 3, 2008.

Defendants move to dismiss the Complaint on the basis that Plaintiff's action is barred by the three year statute of limitations that applies to Section 1983 claims. See Lounsbury v. Jeffries, 25 F.3d 131 (2d Cir. 1994) (holding that Conn. Gen. Stat. § 52-577 establishes a three year statute of limitations for Section 1983 claims in Connecticut). While courts look to state law to determine the appropriate limitations period, it is federal law that "establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action" Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (quoting Bireline v. Seagondollar, 567 F.2d 260, 263 (4th Cir. 1977)). "The statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment,

where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007). See also Dunbar v. Bonner, 2009 U.S. Dist. LEXIS 13106 (D. Conn. Feb. 20, 2009) (holding that false arrest cause of action accrues on the date of the arrest); Roberts v. Babkiewicz, 563 F. Supp. 2d 358, 360 (D. Conn. 2008) (same). Since Plaintiff was arrested on September 22, 2003 and did not file this Complaint until December 3, 2008, more than five years later, the false arrest claim is dismissed as barred by the three year statute of limitations.

A claim for malicious prosecution accrues when the underlying criminal action is conclusively terminated. Roberts, 563 F. Supp. 2d at 360 (citing Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995)). The Complaint states only that the charges against the Plaintiff were nolled and dismissed "in 2005," without specifying the date. The date is obviously relevant since the malicious prosecution claim would be time barred if the dismissal occurred prior to December 3, 2005, which is three years before the Complaint was filed.

On January 22, 2009, Defendants submitted to Plaintiff a request, pursuant to Federal Rule of Civil Procedure 36, to admit that the criminal charges were dismissed prior to August 2005. (See Def. Ex. A) Defendant represents that Plaintiff did not respond or object within 30 days; therefore, pursuant to Rule 36(a)(3), the matter is deemed admitted. Furthermore, Defendants filed on January 28, 2009 a Motion for Disclosure of Erased Records pursuant to Conn. Gen. Stat. § 54-142a(f)(1), which the state superior court granted on February 5, 2009, and provided to Defendants a record that Plaintiff's criminal case "was disposed of on 06/28/2005." (See Def. Ex. B)

Plaintiff objects to Defendants' submission of these "unverified documents" and argues

that the statute of limitations issue is properly addressed upon motion for summary judgment, not upon a motion to dismiss, and that Defendants have improperly cited Rule 12(b)(2) as the basis for their motion to dismiss. Notably, however, Plaintiff does not contend that Defendants have mis-stated the date on which the criminal case against Plaintiff was disposed, nor does Plaintiff argue that his claims are not in fact barred by the statute of limitations. Plaintiff does not contest that he failed to respond or object to the Request to Admit, nor does Plaintiff seek leave to amend the Complaint to state the date of the nolle and dismissal, and thereby to clarify the timeliness of his malicious prosecution claim. "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). The fact that Plaintiff appears to have intentionally omitted a relevant date from the complaint does not act to save the complaint from dismissal on statute of limitations grounds.

SO ORDERED.

    Dated at New Haven, Connecticut, this  21 st day of April, 2009.

                                           /s/
                                           Peter C. Dorsey, U.S. District Judge
                                           United States District Court